```
                     UNITED STATES  DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          *   CRIMINAL DOCKET NO. 00-196

versus                            *   SECTION: "F"

ELTON JOHN LEE                    *

                        *    *    *
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO COMPEL GOVERNMENT TO FILE RULE 35(b) MOTION
AND REQUEST FOR EVIDENTIARY HEARING**

**NOW INTO COURT,** appearing herein by and through the undersigned Assistant United States Attorney, comes the United States of America, and respectfully responds to the motion of *pro se* defendant, Elton John Lee ("Lee"), to compel the government to file a motion under Rule 35(b) of the Federal Rules of Criminal Procedure and for an order to show cause why the government is allegedly breaching its agreement to do so. *See* Rec. Doc. Nos. 125 and 128.

## Background

On August 17, 2000, the Federal Grand Jury returned a

superseding indictment against Lee and co-defendants Trent Gibson ("Gibson") and Jamal Lewis ("Lewis").  (Rec. Doc. No. 26).  On November 1, 2000, Lee plead guilty to count one of the superseding indictment which charged him with conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Rec. Doc. Nos. 42, 77).  On the same day, Lee's co-defendants, Lewis (Counts 1 and 3) and Gibson (Counts 1 and 2), also entered guilty pleas to the superseding indictment.  Rec. Docs. Nos. 43-44, 77.

Lee did not have a plea agreement with the government. *See*, Rec. Doc. No. 42 (no notation in the Court's minute entry that a plea letter was filed).  The rearraignment transcript reflects that during the plea colloquy, this Court asked all three defendants whether he was correct that there was no plea agreement, to which both counsel for the government and counsel for Lewis answered, "That's correct, Your Honor."  Rec. Doc. No. 77, pp. 19-20.[1] Neither Lee's counsel nor co-defendant Gibson's counsel replied to the contrary.  Rec. Doc. No. 77, pp. 19-20.

In addition, in response to this Court's inquiries during the

---

[1] The Assistant United States Attorney representing the government at the rearraignment was Constantine Georges, Harry Boyer represented Lee, Assistant Federal Public Defender John Craft represented Lewis, and Richard Olsen represented Gibson.  Rec. Doc. No. 77.

rearraignment, Lee denied having been influenced, induced, or persuaded in any manner to plead guilty because of promises of leniency or other things or because of any threats made by anyone. Rec. Doc. No. 77, p. 18.

This Court sentenced Lee on April 18, 2001, to a 189 month term of imprisonment as to count 1, to be followed by a five year term of supervised release. Rec. Doc. Nos. 70, 91. On May 3, 2001, Lee filed a notice of appeal. Rec. Doc. No. 71. On January 10, 2002, the Fifth Circuit dismissed Lee's appeal after the Federal Public Defender filed an Anders[2] brief, stating that its "independent review of counsel's brief and the record discloses no non-frivolous issue." Rec. Doc. No. 101.

On May 24, 2002, Lee filed in this court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, claiming his sentence violated the principles of Apprendi v. United States, 530 U.S. 466 (2000), and that his attorney was constitutionally ineffective for failing to object to a defective indictment and for failing to require the government to prove that the substance he possessed was crack as opposed to some other form of cocaine. Rec. Doc. No. 108. On August 20, 2002, this Court denied Lee's § 2255

---

[2] Anders v. California, 386 U.S. 738 (1967).

3

motion. Rec. Doc. No. 113. Lee filed a motion for reconsideration of the denial of his § 2255 motion, which this Court also denied. Rec. Doc. No. 116.

The government has not filed a motion under Federal Rule of Criminal Procedure 35(b) in this criminal action seeking a reduction in Lee's sentence based upon Lee having substantially assisted the government.

### Rule 35 Issue

Lee has now filed a "Notice of Ripeness and Order to Show Cause Why Government is Breaching the Terms of the Agreement" and a "Motion to Compel Government to Respond to this Court's Order." Rec. Doc. Nos. 126 and 128.  Lee essentially alleges that he provided substantial assistance to the United States and that he has "fulfilled his end of the agreement" to provide substantial assistance to the United States. Rec. Doc. No. 125, p. 2.  Lee requests that the Court grant his request for an evidentiary hearing so that he can provide evidence of this cooperation agreement. Rec. Doc. No. 125, p. 2.

As noted previously, there is no plea agreement filed in the record nor any which was acknowledged or brought to the Court's attention at Lee's rearraignment or sentencing.  Lee does not in

any way contend that the government's refusal to file a Rule 35(b) motion was based upon an unconstitutional motive.

## Law and Argument

A motion under Rule 35(b) for reduction in sentence must be filed by the government and only if the defendant rendered substantial assistance. United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994). The district court is without jurisdiction to entertain an unauthorized Rule 35(b) motion for reduction of sentence. 27 F.3d at 141.

Moreover, "the [g]overnment's refusal to move for a reduction in sentence is not reviewable by the district court absent a substantial threshold showing that the decision is based on an unconstitutional motive." United States v. Campbell-Allison, 176 Fed. Appx. 470, 2006 WL 997326 (5th Cir. 2006)(internal quotations and citations omitted). In Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court held that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." 112 S. Ct. at 1844. "Federal district courts have authority to review a prosecutor's refusal to

5

file a substantial-assistance motion and to grant a remedy [only] if they find that the refusal was based on an unconstitutional motive." 112 S.Ct. at 1843-44 (other citations omitted). Even if the government promised to file a Rule 35 motion on a defendant's behalf, a federal district court may not review the failure to file such a motion "unless the defendant makes a substantial threshold showing that the government's refusal is based upon unconstitutional motives." United States v. Sneed, 63 F.3d 381, 388, n.6 (5th Cir. 1995)(interior quotation marks and citations omitted).

    Lee does not specify what the terms of any alleged agreement with the government concerning substantial assistance are, which government counsel entered into the alleged agreement with him, nor when he entered into the agreement with the government. He has not attached any written evidence of an agreement nor does the court record indicate that there was any agreement which accompanied his guilty plea. There is no allegation, much less a substantial threshold showing, that the government's failure to file a Rule 35 motion was based upon unconstitutional motives. Moreover, Lee does not even allege that the government promised that it would file a Rule 35 motion.

6

The cases Lee cites in support of his motion do not relate to Rule 35(b) motions. In Aron v. United States, 291 F.3d 708 (5th Cir. 2002), the Fifth Circuit held that the petitioner was entitled to an evidentiary hearing on his claim that he exercised due diligence in filing a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. 291 F.3d at 715. Government counsel could not locate United States v. Gonzalez, 309 F.3d 282 (5th Cir. 2002), finding a completely unrelated civil case reported on that page in the Federal Reporter. See Klumpe v. IBP, Inc., 309 F.3d 279 (5th Cir. 2002).

Whether or not Lee provided any assistance to the government or whether his assistance was substantial, the failure of the government to file a Rule 35 motion to reduce sentence is not reviewable by this Court because Lee has neither alleged nor made a substantial threshold showing that the government's failure to do so was unconstitutionally motivated. See United States v. Jackson, 22 F.3d 583, 585-586 (5th Cir. 1994)(Defendant's claim that his cooperation merited a substantial assistance motion is foreclosed by Wade since he does not allege an unconstitutional motive). Since Lee does not allege that the government's decision not to file a Rule 35(b) motion was based on an unconstitutional motive,

7

the present motion by Lee, whatever its caption, is in effect a motion pursuant to Rule 35(b) for a reduction in sentence and, as such, this Court has no jurisdiction to entertain it.  *See* <u>United States v. Deckard</u>, 115 Fed. Appx. 225, 2004 WL 2913960 (5th Cir. 2004); <u>United States v. Guidry</u>, 122 Fed. Appx. 159, 419482 (5th Cir. 2005).

### **Conclusion**

For the above-stated reasons, the motion of defendant, Elton John Lee, to compel the government to file a motion under Rule 35(b), styled as a "Notice of Ripeness and Order to Show Cause Why the Government is Breaching the Terms of the Agreement," should be denied for lack of jurisdiction, without an evidentiary hearing

>Respectfully submitted,
>
>JIM LETTEN
>UNITED STATES ATTORNEY
>
>/s/ Carol L. Michel
>CAROL L. MICHEL
>Assistant United States Attorney
>Hale Boggs Federal Building
>500 Poydras St., Room 210-B
>New Orleans, LA 70130
>Telephone: (504) 680-3095
>carol.michel@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 23, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. The defendant is a pro se prisoner, therefore, undersigned counsel certifies that a copy has been sent to Elton John Lee, by U.S. postal service, postage prepaid and properly addressed, this 23rd day of April, 2007.

                                            /s/ Carol L. Michel
                                            CAROL L. MICHEL