UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 00-196

ELTON JOHN LEE                              SECTION "F"


ORDER AND REASONS

Before the Court are the following motions filed by Elton John Lee: (i) motion to compel government to act in good faith; (ii) notice of ripeness and order to show cause why government is breaching the terms of the agreement; and (iii) Lee's motion to compel government to respond to court order. Lee effectively seeks an evidentiary hearing and asks the Court to require the government to file a Rule 35(b) motion to reduce his sentence. For the reasons that follow, Lee's motions are DENIED.

Background

On November 1, 2000, Lee pleaded guilty to one count of a superseding indictment that charged him with conspiracy to possess with intent to distribute 50 grams or more of crack, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Lee's two co-defendants charged in the superseding indictment also entered guilty pleas on that same day. According to the rearraignment transcript, neither Lee nor his two co-defendants, had plea agreements with the government.

On April 18, 2001, the Court sentenced Lee to a 189 month term

1

of prison, to be followed by five years of supervised release. Lee appealed to the Fifth Circuit. On January 10, 2002, the Fifth Circuit dismissed the appeal. On May 24, 2002, Lee filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming that his sentence violated Apprendi v. United States, 530 U.S. 466 (2000) and also claiming that his counsel was ineffective. The Court denied Lee's Section 2255 motion on August 20, 2002. Lee then filed for reconsideration, which the Court also denied.

Lee now contends that he provided substantial assistance to the government and requests that the Court grant an evidentiary hearing so that he can provide evidence of this alleged cooperation agreement.

I.

Rule 35(b)(2) of the Federal Rules of Criminal Procedure authorizes the court to reduce a criminal defendant's sentence when the government makes such a request based on the defendant's substantial assistance; it provides:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> (A) information not known to the defendant until one year or more after sentencing;
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

2

> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Based on the clear language of the rule, a Rule 35 motion for reduction in sentence must be filed by the government and only if the defendant rendered "substantial assistance." United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994). "The [g]overnment's refusal to move for a reduction of sentence is not reviewable... absent a 'substantial threshold showing' that the decision is based on an unconstitutional motive." United States v. Campbell-Allison, 176 Fed.Appx. 470, 2006 WL 997326 (5th Cir. April 11, 2006) (citing Wade v. United States, 504 U.S. 181 (1992)).[1]

---

[1] In Wade, the United States Supreme Court emphasized the government's power, rather than duty, to file a motion seeking reduction below statutory or guidelines minimum sentences under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 when a defendant has provided substantial assistance. The Supreme Court determined that the defendant failed to make a substantial threshold showing that would warrant further judicial inquiry regarding his substantial assistance or the government's unconstitutional motives:

> [A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.... Indeed, [the defendant] concedes that a defendant has no right to discovery or an evidentiary hearing unless he makes "a substantial threshold showing."

504 U.S. at 186.

Lee contends that he is entitled to an evidentiary hearing; he says that, at the evidentiary hearing, he will show that he "fulfilled his end of the agreement to provide substantial assistance to the United States." But Lee has failed to make a threshold showing that the government's failure to file a Rule 35 motion was based on an unconstitutional motive. Accordingly, Lee's motion is unauthorized; the Court lacks jurisdiction to review the government's decision not to file a Rule 35(b) motion. See id.; see also United States v. Early, 27 F.3d 140, (5th Cir. 1994) (noting that the defendant's motion for reduction of sentence was unauthorized and without a jurisdictional basis); see also United States v. Sneed, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (interior citations omitted) ("[e]ven assuming the Government did promise to file a Rule 35(b) motion[,] we cannot review [the defendant's] Rule 35(b) claim because he does not suggest that the Government's failure to make the motion was unconstitutionally motivated").

Accordingly, Lee's motion to compel government to act in good faith and notice of ripeness and order to show cause why government is breaching the terms of the agreement are DENIED. Lee's motion to compel government to respond to court is DENIED as moot.

New Orleans, Louisiana, May 16, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

4